IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY R. BROWN, Inmate #B24735, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MADISON COUNTY, ILLINOIS, BOB )<br>CHURCHICH, BOB HERTZ, WILLIAM )<br>HAINE, WILLIAM MUDGE, JAMES )<br>HACKETT, JOE GULASH, BOB )<br>HOLLENBECK, KEITH JENSEN, )<br>MIRIAM F. MIQUELON, DEPUTY )<br>HILL, DEPUTY LEMARR, AND )<br>UNKNOWN PARTIES, )<br>)<br>Defendants. ) | CIVIL NO. 04-824-JLF |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, a former inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1**: Against Defendants Hertz, Gulash, Hollenbeck, Churchich, Miquelon, and Madison County for violating Plaintiff's First Amendment rights by refusing to provide pork-free meals, in accordance with his religion, during the two-

year period he was detained in the Madison County Jail.

**COUNT 2**: Against Defendants Lemarr and Hill for failing to intervene to stop a fight between Plaintiff and a jail inmate and against Defendants Churchich, Hertz, Gulash, and Madison County for failing to properly separate detainees.

**COUNT 3**: Against Defendants Hill and Lemarr for failing to provide adequate medical care to Plaintiff after the fight.

**COUNT 4**: Against Defendants Gulash, Hollenbeck, Churchich, Hertz, Miquelon, Hackett, Madison County, and unknown defendants for violating Plaintiff's due process rights by placing him in disciplinary segregation without a hearing.

**COUNT 5**: Against Defendants Gulash, Hollenbeck, Churchich, Hertz, Miquelon, Hackett, and Madison County for restricting Plaintiff from access to his legal materials as punishment for the October 7 fight, in violation of due process and Illinois statute, and for preventing him from taking his legal papers with him when he was transferred from the jail to an Illinois prison.

**COUNT 6**: Against Defendants Gulash, Hertz, Madison County, Jensen, Churchich, Haine, and Mudge for conspiring to deprive him of his liberty by moving him to a cell near another inmate who had frequently been used as a trial witness by Madison County prosecutors and who in fact was a prosecution witness in the criminal case against Plaintiff. Plaintiff also contends that a number of "plants" were placed near him in the jail (or he near them) with the intention of eliciting information against him to be used by the prosecution in his criminal case.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

### General Considerations

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539.  *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).  At the same time, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985).

### COUNT 1

Plaintiff states that he is a Muslim and his religion prohibits him from eating pork.  Plaintiff states that Defendants Gulash, Hollenbeck, Miquelon, Churchich, Hertz, and Madison County refused to provide him with a pork-free diet while he was detained in the Madison County Jail.  Plaintiff states that after he complained about being denied pork-free meals, Defendant Gulash told

him that it was the policy of the jail that a detainee must inform the booking officer upon being processed into the jail that he is a Muslim in order to receive a pork-free diet. A detainee would not be allowed later to profess his religion and receive pork-free meals. Defendant Gulash told Plaintiff that no exceptions would be made.

A detainee's right to exercise his religion "does not evaporate entirely when he enters a jail." *See Tarpley v. Allen County, Indiana*, 312 F.3d 895, 898 (7th Cir. 2002) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972)). However, the detainee's right "is not unfettered." *Tarpley*, 312 F.3d at 898. Prison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987). Based on these standards, Plaintiff's claim that Defendants violated his first amendment rights cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

**COUNT 2**

Plaintiff states that on October 7, 2002, he was out of his cell in the disciplinary segregation unit, cleaning the cellblock and passing out cleaning supplies to other detainees. He got into a verbal altercation with inmate Anthony Turner who was locked in his cell at the time. Defendant Lemarr witnessed this argument. A short time later, Defendant Lemarr, against jail policy regarding how many detainees may be out of their cell at the same time, let Turner out of his cell. Turner attacked Plaintiff, who was still out of his cell cleaning, and struck him with a mop wringer and a piece of wood. Plaintiff states that Defendant Lemarr allowed the fight to continue for five minutes before attempting to intervene. After several more minutes Defendant Hill came to the scene and sprayed a chemical agent in an attempt to break up the fight. Plaintiff also states that Defendants

Churchich, Hertz, Gulash, and Madison County are liable for violating Plaintiff's rights because they did not follow Illinois state law in keeping detainees (Plaintiff) separated from inmates (Turner).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the Defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Based on these standards, the Court is unable to dismiss any portion of the complaint at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 3

Plaintiff states that as a result of the above-noted fight with another inmate, he suffered numerous injuries to his face, mouth, head, hands, and back. His eyes, nose, and mouth were irritated from the chemical spray, and he had difficulty breathing. Plaintiff states that immediately after the fight, he was taken to "the hole," a small concrete cell without running water and inadequate ventilation. Plaintiff made numerous requests to Defendants Hill and Lemarr to be

allowed to shower to rid himself of the chemical spray, but that he was not allowed to do so, nor were his injuries treated, for over 14 hours. Plaintiff does not allege any permanent or lasting injuries.

> A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir.1991). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837 (applying a subjective standard in the Eighth Amendment context).

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).

Plaintiff describes cuts and bruises and residue from a chemical spray on his skin. The Court does not doubt that Plaintiff was in a state of discomfort, but Plaintiff has not alleged facts that show that Defendants Hill and Lemarr disregarded a "substantial risk" to Plaintiff's health or safety by waiting 14 hours to allow him to shower or treat his injuries. Accordingly, this claim is **DISMISSED with prejudice** from the action.

## COUNT 4

Plaintiff states that after the October 7 fight, he was placed in disciplinary segregation. He was forced to stay locked in the cell 23 hours a day, was shackled with handcuffs whenever he left the cell, his visitation was restricted, he was allowed only one shower a day, and was not allowed any outside recreation. Plaintiff was also put in "the hole" and in an isolation cell. Later, after

Plaintiff was accused of setting off the jail's fire alarm system, Defendants Gulash, Hollenbeck, and unknown jailers threatened to release a German Shepard into Plaintiff's cell. Plaintiff claims that this treatment by Defendants constituted unlawful "punishment" of a pretrial detainee. Plaintiff further states that these disciplinary measures were taken against him without written notice of the violation, without a hearing during which he was allowed to present witnesses and evidence, nor with written factfinding regarding the charges against him. Plaintiff states that Defendants Churchich, Hertz, Miquelon, Hackett, and Madison County, Illinois, are all liable for the due process violations because they knew of the ongoing violations but did nothing to stop the violation of Plaintiff's rights.

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). However,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that, for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in

dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56.

Although confinement of pretrial detainees is not necessarily punitive, *see Bell*, 441 U.S. at 535,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that,

for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

Plaintiff alleges that he was accorded no due process at all before being placed in disciplinary segregation; therefore, the Court is unable to dismiss this due process claim at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 5

Plaintiff states that after the October 7 incident, Defendants Gulash and Hollenbeck denied him access to all of his legal materials, including all materials regarding his upcoming criminal trial. Defendants Churchich, Hertz, Miquelon, and Hackett knew of the deprivation of materials, but failed to take "preventive action." Plaintiff also states that Defendants Gulash, Hertz, and Madison County prevented him from taking his legal papers with him when he was transferred from the Madison County Jail to the Graham Correction Center in April 2003. Plaintiff states that Defendants' actions adversely affected his pending criminal case and potential civil cases. Regarding his pending criminal trial, Plaintiff states that the confiscated legal materials "were much needed to said Plaintiff to secure his defense, as well as adequately assist his defense attorney in the preparation of his defense." As to the potential civil cases, Plaintiff states that among the documents confiscated was a "complete civil complaint in regards to earlier incidents at the [Madison County Jail], a draft of another civil complaint, a half-completed petition to the Court of Claims over a Dram Shop claim, etc."

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430

U.S. 817 (1977). This right of access extends to pretrial detainees as well as convicted prisoners. *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir.1993). The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

As to the criminal case, although Plaintiff states generally that he was unable to properly prepare for his trial or to assist counsel, he has not shown actual substantial prejudice to specific litigation as required in this circuit. He has not shown that any deadlines were missed or that he was unable to file any motions in the case as a result of Defendants' actions. Furthermore, Plaintiff was represented by counsel in his criminal proceedings. *See Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) (taking into consideration that Plaintiff was represented by counsel in his criminal

proceedings in finding that his right of access to courts was not denied). Nor has Plaintiff shown actual substantial prejudice to pending civil litigation. In fact, Plaintiff's ability to file the instant action in the coherent manner that he has belies his assertion that he was restricted from filing civil rights claims by the lack of legal materials in the Jail. As such, Plaintiff has not stated a valid access to courts claim. Accordingly, these claims are **DISMISSED** from the action **with prejudice**.

### COUNT 6

Plaintiff states that Defendants Jensen, Gulash, Churchich, Hertz, Haine, and Mudge conspired to deprive him of his liberty by placing him in areas of the jail near "plants," other inmates who were working with the prosecutor to elicit information from the Plaintiff for use against him in his criminal case. Plaintiff states that he was intentionally moved from one cell block to another which housed mostly witnesses and informants in criminal trials. Plaintiff states that he was placed in the same cell with Demond Spruill, who eventually testified against Plaintiff in his criminal trial. Two other inmates who had been housed near Plaintiff in the jail were listed as potential witnesses for the prosecution in Plaintiff's criminal trial. Plaintiff states that the prosecutor, Defendant Jensen, worked with Jail officials to achieve Plaintiff's placement near the informants. Plaintiff states that these actions by Defendants violated his right to a fair trial.

To state a claim under Section 1983, Plaintiff must show that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 49 (1988). The scenario Plaintiff describes could potentially violate a number of constitutional rights. As such, the Court is unable to dismiss the claim at this point in the litigation. *See* 28 U.S.C. § 1915A.

### DEFENDANTS

Finally, a word about the named Defendants is in order. Plaintiff lists Illinois State's Attorneys Keith Jensen, William Haine, and William Mudge as Defendants. "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Accordingly, Defendants Jensen, Haine, and Mudge are **DISMISSED** from the action. Plaintiff also names United States Attorney for the Southern District of Illinois, Miriam Miquelon, as a Defendant, claiming that he wrote to her, informing her of the constitutional violations taking place at the jail.

> In order to recover damages against a state actor under § 1983, a plaintiff must show the actor was "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir.2002) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001)).

*J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Plaintiff has not stated that Miquelon was in any way responsible for the constitutional deprivations alleged by Plaintiff. Accordingly, Defendant Miquelon is **DISMISSED** from the action.

## SUMMARY AND CONCLUSION

In summary, Plaintiff is allowed to proceed on Counts 1, 2, 4, and 6 against Defendants Madison County, Bob Churchich, Bob Hertz, James Hackett, Joe Gulash, Bob Hollenbeck, and Deputies Hill and Lemarr. Counts 3 and 5 and Defendants Keith Jensen, William Haine, William Mudge, and Miriam Miquelon are **DISMISSED with prejudice** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **MADISON COUNTY, BOB CHURCHICH, BOB HERTZ, JAMES HACKETT, JOE GULASH, BOB HOLLENBECK, DEPUTY HILL, and DEPUTY LEMARR.** The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the

United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **MADISON COUNTY, BOB CHURCHICH, BOB HERTZ, JAMES HACKETT, JOE GULASH, BOB HOLLENBECK, DEPUTY HILL, and DEPUTY LEMARR** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 8, 2005.**

**s/ *James L. Foreman***
**DISTRICT JUDGE**
