IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04-cv-824-JLF |
| ) | |
| MADISON COUNTY ILLINOIS, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion to Appoint Counsel filed by the Plaintiff, Jeramey Brown, on October 1, 2004 (Doc. 3) and the Amended Motion for Appointment of Counsel filed on July 12, 2005 (Doc. 10). The motion to appoint is **GRANTED** and the amended motion is **MOOT**.

28 U.S.C. §1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." However, there is no constitutional or statutory right to counsel for a civil litigant. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake, 650 F.2d 885,887-889 (7th Cir. 1981).

The Plaintiff has attached a number of letters to his motion showing that he has attempted to secure representation from at least 5 attorneys and/or law firms. It appears that the merits of this case may be colorable given the Plaintiff's recent, but limited, success in appealing his criminal conviction, which forms the basis, in part, of this civil case. The plaintiff also has alleged a myriad of claims that would benefit from the reasoned judgment of counsel. While the Plaintiff appears to be articulate and capable of stating his claims, this litigation will benefit from the appointment of counsel in light of the Plaintiff's restricted access to the law library in the institution where he is housed.

For these reasons, Attorney Lisa S. Simmons of the law firm Wildman, Harrold, et al., is hereby **APPOINTED** to represent the Plaintiff. This matter is also scheduled for a telephonic **STATUS CONFERENCE** on Monday, October 17, 2005, at 9:00 a.m. The plaintiff shall initiate the call. If the defendants have not made an appearance by that time, the status

conference will be rescheduled.


**DATED: August 22, 2005**

                                            **s/ Donald G. Wilkerson**
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**