IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY BROWN, Inmate #B24735, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-824-JLF |
| ) | |
| MADISON COUNTY, ILLINOIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 17). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'"  *Id.* (citations omitted).

Judgment was entered in this action on August 10, 2005, and the instant motion was filed on September 12, 2005, far outside the 10-day period for filing a motion pursuant to Rule 59(e).  However, giving the Plaintiff the benefit of the doubt as to when he received the

Court's order because he states that he has experienced delays in sending and receiving mail and specifically, in his motion dated August 30, 2005, that he received the Court's August 10, 2005 order "last week," the Court finds that the motion was filed within the 10-day period.  *See* FED.R.CIV.P. 59(e).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing Counts 3 and 5 of the complaint; dismissing Keith Jensen, William Haine, William Mudge, and Miriam F. Miquelon as defendants; and combining two of Plaintiff's enumerated counts into one count for purposes of the Court's threshold review pursuant to 28 U.S.C. § 1915A, was correct.  Therefore, the instant motion (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**
**DATED:  December 5, 2005.**

                *s/ James L. Foreman*
                **DISTRICT JUDGE**