IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY BROWN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-824-MJR |
| ) | |
| MADISON COUNTY ILLINOIS, et al., ) | |
| ) | |
|     Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on a Motion to Dismiss Second Amended Complaint filed by John Lakin, the Madison County Sheriff's Department, and Brad Wells ("Defendants") on May 15, 2006 (Doc. 68). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Jeramey Brown ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging, among other things, that Defendants violated his constitutional rights by repeatedly placing jail house informants in his cell to elicit incriminating statements from him about the charges he faced.

Defendants allege in the instant motion to dismiss that they are entitled to qualified immunity from Plaintiff's claims, and thus that he fails to state a claim for which relief can be granted.

## CONCLUSIONS OF LAW

Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted.  In considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  Jet, Inc. v. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss).  A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004).  Likewise, when considering a motion to dismiss, the Court must examine the sufficiency of the complaint, not the merits of the lawsuit.  See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

In determining whether defendants are entitled to qualified immunity, this Court must inquire as to (1) whether the allegations, if proven, would amount to a violation of a constitutional right; and, if so, (2) whether that right was "clearly established" at the time of the alleged violation.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).  If both prongs of this inquiry are answered in the affirmative, the qualified immunity defense must fail. Id.  The Saucier court clarified that in the application of the second prong, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 194-195.  Further, the Seventh Circuit Court of Appeals has held that, to satisfy the second prong of the Saucier test, a plaintiff  "may point to closely analogous cases demonstrating that the conduct is unlawful or demonstrate that the violation is so obvious that a reasonable state actor would know that what he is doing violates the constitution." McGreal v. Ostrov, 368 F.3d 657, 683 (2004).

In their motion to dismiss, Defendants argue, pursuant to Saucier, that they are entitled to qualified immunity, averring that at the time of the alleged violations, in 2002, the law was not clearly established that a jail officer's placement of a pretrial detainee with a jailhouse informant to elicit incriminating statements was unconstitutional, and that Defendants could not have reasonably understood that they were violating the law by taking those actions.  Defendants further argue that they found no binding case law deeming it unconstitutional for a government official to attempt to elicit incriminating information from a pretrial detainee by placing jailhouse informants in his cell.

However, in his opposition to the motion to dismiss (Doc. 74), Plaintiff directs the Court's attention to a case wherein the United States Supreme Court held that government officials violated a pretrial detainee's Sixth Amendment rights when they placed him in a cell with a paid informant who ultimately provided them with the detainee's incriminating statements. See United States v. Henry, 447 U.S. 264, 274 (1980) ("By intentionally creating a situation likely to induce [the detainee] to make incriminating statements without the assistance of counsel, the Government violated [the detainee's] Sixth Amendment right to counsel."). Further, in a case with facts similar to those found in Henry, the Seventh Circuit Court of Appeals held that "where a defendant has been formally charged and the government elicits incriminating statements from the defendant, such statements ... were obtained in violation of the defendant's right to counsel." United States v. Malik, 680 F.2d 1162, 1165 (1982).

The decisions in both Henry and Malik were handed down prior to 2002, which is the year that Plaintiff alleges the constitutional violations took place.  Additionally, both Henry and Malik are conceptually analogous to the case at bar in that they both hold it unconstitutional for

3

government officials to elicit incriminating statements via an informant acting on their behalf.[1] Because these two cases were decided prior to 2002, and because they are both sufficiently analogous to Defendants' alleged actions here, this Court is satisfied that Defendants would have been reasonably aware in 2002 that their alleged actions were indeed unlawful. See McGreal, supra, at 683 ("The salient question is not whether there is a prior case on all fours with the current claim but whether the state of the law at the relevant time gave the defendants fair warning that their treatment of the plaintiff was unconstitutional."). With the two-factor test of Saucier having been met by Plaintiff's pleadings, Defendants are not entitled to qualified immunity, and their motion to dismiss should therefore be **DENIED**.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss Second Amended Complaint filed by Defendants on May 15, 2006 (Doc. 68) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 2, 2007**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] Although the Malik court ultimately concluded that the informant there had acted on his own initiative, the court nonetheless condemned as unconstitutional the practice of affirmatively employing an informant to obtain incriminating statements against a criminal defendant.