IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-cv-0824-MJR |
| | ) |
| MADISON COUNTY, ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Jeramey Brown ("Plaintiff") was convicted of first degree murder by a Madison County jury on January 13, 2001. On May 27, 2005, the Appellate Court for the Fifth District of Illinois overturned that conviction on grounds that key evidence used against him at trial had been obtained in violation of his Sixth Amendment right to counsel. ***See People v. Brown,* 831 N.E.2d 1113 (Ill. App. Ct. 2005)**. The appellate court found that Plaintiff's constitutional right to counsel was violated when the Government employed a jailhouse informant "to surreptitiously obtain self-incriminating statements" from him, and when his defense lawyer neglected to raise that pre-trial violation to prevent the Government's use of the obtained statements at trial. *Id.* **at 1120.** Pursuant to those findings, the appellate court remanded the case for a new trial. *Id.* **at 1133**.

On October 1, 2004, Plaintiff filed a pro-se action in this Court under **42 U.S.C. § 1983**, alleging Defendants (various jail officers, sheriff's deputies, elected officials and others) violated his constitutional rights under the First, Fourth, Fifth, Sixth, and Eighth Amendment (*see* Doc. 1). Plaintiff filed a second amended complaint on April 25, 2006 (*see* Doc. 65). In Count Four of the second amended complaint, Plaintiff alleges that numerous defendants violated his Sixth Amendment right to counsel when they placed him in a cell with a jailhouse informant to obtain incriminating statements

against him. In Count Five, Plaintiff alleges that some of those defendants engaged in a conspiracy to deprive him of his Sixth Amendment rights. A subset of those defendants[1] (referred to hereafter as "Movants") moved to dismiss the Sixth Amendment claims on May 23, 2006 (Doc. 71). Plaintiff filed an opposition to that motion on June 26, 2006 (Doc. 76).

In assessing dismissal motion pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must take as true all factual allegations and construe in plaintiff's favor all reasonable inferences. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 656 (7th Cir. 2006); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

A complaint should be dismissed only "if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey*, **464 F.3d at 656.** As the United States Court of Appeals for the Seventh Circuit explained six months ago:

> "We construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).... Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

*McCready v. EBay, Inc.*, **453 F.3d 882, 887 (7th Cir. 2006).**

Indeed, the law of this Circuit recognizes that, generally, "a party need not plead much to survive a motion to dismiss" – not specific facts, not legal theories, and not anything in anticipation of a possible defense. *Massey* **at 650,** *citing Xechem, Inc. v. Bristol-Myers Squibb Co.*, **372 F.3d 899, 901-02 (7th Cir. 2004).** The gist of this Court's inquiry is "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Board of Educ. of*

---

[1] The subset of defendants includes (1) the Granite City Police Department, (2) David Atchison, (3) Aaron Flynn, (4) Captain Shardin, (5) Jeff Parker, (6) and Mike Nordstrom.

*City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

In the instant motion to dismiss, Movants contend that Plaintiff's claims are unripe pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), and that the claims will not accrue until a second criminal trial is resolved in his favor (*see* Doc. 71). In the alternative, Movants argue that Plaintiff's claims are barred altogether by a two-year statute of limitations because Plaintiff waited more than two years after the alleged violations to seek legal redress for those violations. *Id.*

In response, Plaintiff argues that his Sixth Amendment claims became ripe under *Heck* on May 27, 2005, the day his criminal conviction was overturned (*see* Doc. 76). Plaintiff further argues that the two-year statute of limitations began to run on the date the claims became ripe, and thus the claims were timely pled in the amended complaint of April 2006. *Id.* The Court turns first to Movants' assertion that Plaintiff's claims are unripe.

Plaintiff added Claims Four and Five to his instant action after his criminal conviction was invalidated and a new trial was ordered. According to Movants, *Heck* prevents Plaintiff from maintaining those claims because the second criminal trial is still pending and thus has not been decided in his favor. **512 U.S. at 487 ("A claim for damages [that would impugn] a conviction or sentence that has not [been invalidated] is not cognizable under § 1983.").** Movants are correct that the Court must dismiss any 1983 claim that, in the event of success, would "necessarily imply the invalidity of a conviction on a *pending* criminal charge[.]" *Washington v. Summerville,* **127 F.3d 552, 556 (7th Cir. 1997) (construing *Heck* in support of the proposition that "so long as success on such a claim would necessarily imply the invalidity of a conviction in the *pending* criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the *pending* criminal**

**prosecution continues to exist.") (emphasis added).** However, even if the Court were to assume arguendo that Plaintiff's Sixth Amendment claims are bound to succeed here, neither *Heck* nor *Summerville* bars them because ultimate success of these claims would in no way undermine an ultimate criminal conviction in the pending trial. The Court's reasoning is explained in more specific terms below.

The Illinois Appellate Court overturned Plaintiff's 2001 criminal conviction because the jury heard evidence obtained in violation of Plaintiff's Sixth Amendment rights, resulting in a questionable verdict. *Brown*, **831 N.E.2d at 1127 ("It seems reasonably probable ... that all 12 jurors would not have decided this case in the same manner without having seen and heard [portions of the unlawfully obtained evidence].").** By ordering a new trial in which Plaintiff's Sixth Amendment rights were to be safeguarded, the appellate court foreclosed –- in the second trial -- the admission of evidence obtained in violation of those rights. ***Id*. at 1125 (ruling that the Sixth Amendment required the suppression of ill-gained evidence).** Because Plaintiff's Sixth Amendment claims here arise from the fact that incriminating evidence was elicited from him in an unconstitutional way, and because the unconstitutionally collected evidence will not be admitted in that second criminal trial, no nexus exists between his claims here and the outcome of the pending trial. In the absence of such a nexus, Plaintiff's success on his Sixth Amendment claims here would imply nothing about the validity of any outcome in his second criminal trial. Stated another way, if Plaintiff succeeds here, the criminal trial outcome, whether favoring or disfavoring Plaintiff, will in no way be assailable on grounds that it was reached at the expense of Plaintiff's Sixth Amendment rights. In sum, if Plaintiff were to prevail on his 1983 claims here, it would not "necessarily imply the invalidity of a conviction in the *pending* criminal prosecution[.]" ***Summerville,* 127 F.3d at 556.** Accordingly, and contrary to

Movants' averments, Plaintiff's 1983 claims alleging Sixth Amendment violations are not barred by *Heck*. The Court now turns to Movants' second argument that Plaintiff's claims are barred by a two-year statute of limitations.

As a supposition to their second argument, Movants assert that Plaintiff's Sixth Amendment claims (Claims Four and Five) are really Fourth Amendment claims in which he seeks redress for an unlawful search. Movants then argue that because unlawful search claims accrue at the time the search is performed, and because Plaintiff did not assert those claims within two years of the supposed unlawful search, the claims are barred by a two-year statute of limitations.

Movants' supposition falters, however, because a plain reading of the second amended complaint confirms what this Court, the Illinois Appellate Court, Plaintiff, and Defendants John Lakin, Brad Wells, and the Madison County Sheriff's Department all have acknowledged: Plaintiff's claims allege Sixth Amendment violations of his right to counsel after he was placed in a cell with a jailhouse informant, who, on behalf of the Government, elicited incriminating statements from him. Further, the second amended complaint makes no indication that Plaintiff wished his Sixth Amendment claim to sound in Fourth Amendment jurisprudence, and Movants cite no case law that would, in any event, require a 1983 Plaintiff to eschew a Sixth Amendment right to counsel claim in order to pursue a Fourth Amendment claim seeking redress for an unlawful search. This Court, drawing all reasonable inferences in favor of Plaintiff, declines to adopt Movants' re-characterization of Plaintiff well-pleaded claims when nothing in law or logic calls for them to be construed against Plaintiff's clear articulation. The Court therefore rejects the supposition that Claims Four and Five sound foremost in the Fourth Amendment. Collapsing under the weight of its own faltering supposition, Movants' argument that Plaintiff's claims are barred by a statute of limitations applicable to claims for an unlawful search is enervated. Nonetheless, the Court briefly clarifies below why no statute of limitations problem has

5

arisen in this case.

The United States Supreme Court held in *Heck v. Humphrey* that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction has been [reversed, declared invalid, or called into question by the issuance of a writ of habeas corpus]." **512 U.S. at 486-487**. The Supreme Court clarified that a 1983 claim cannot proceed when the claim itself, if successful, would necessarily imply the invalidity of a prior criminal conviction that has not been invalidated. *Id*. **at 487**. Pursuant to these strictures, Plaintiff's claims alleging violations of the Sixth Amendment could not have accrued any time prior to his sentence being overturned by the Illinois Appellate Court in May 2005. Even assuming that a two-year statute of limitations applies to Counts Four and Five, the period had not run by May 2006, which is the time Plaintiff pled the claims in his second amended complaint. That being the case, and contrary to Movants' assertions, no statute of limitations problem emerges with respect to these Sixth Amendment claims. For these reasons, the Court **DENIES** Movants' motion to dismiss (Doc. 71).

**IT IS SO ORDERED.**

**DATED this 26th day of March 2007.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**