IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERAMEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:04-cv-824-MJR |
| | ) | |
| MADISON COUNTY ILLINOIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on the Application for Confidential Unmonitored Attorney-Client Communications (Doc. 105), filed by Plaintiff Jeramey Brown on November 20, 2007. For the reasons set forth below, the motion is **GRANTED**.[1]

### I. BACKGROUND

Plaintiff is a pre-trial detainee at the Madison County Jail in Edwardsville, Illinois ("the Jail"), which is operated by Defendant Madison County Sheriff's Department. He filed this action seeking injunctive relief and damages pursuant to 42 U.S.C § 1983 alleging several violations of his constitutional rights, including a claim that in a criminal matter, Defendants intentionally violated Plaintiff's constitutional right to counsel by placing inmate informants into the same cell as Plaintiff. Plaintiff is represented by counsel in this matter and has filed the present motion seeking unmonitored telephone calls once per week with his attorney, with leave for additional calls when the current stay on this litigation is lifted (Doc 105).

---

1 The Court must clarify, however, that the part of Plaintiff's motion that requests to lift the stay currently in place so that his request for unmonitored attorney-client communication can be ruled upon is not considered as part of the present motion. Judge Reagan's May 27, 2008 Order denied this request, finding that the motion seeking unmonitored attorney-client access could be ruled upon by the undersigned judge without lifting the stay currently in force.

It is the Jail's policy to monitor all telephone calls, including attorney-client calls, in which a detainee participates. Plaintiff contends that such a policy has a chilling effect on his ability to communicate with attorney in this lawsuit because he is unwilling to freely discuss his case out of fear that Defendants may gain information to use against him in his lawsuit. According to Plaintiff, a recording plays every few minutes during all telephone calls, reminding the parties that the conversation is being monitored.

Plaintiff made a request to the jail that he be allowed unmonitored telephone calls with his attorney, but his request was denied. Plaintiff is allowed unmonitored access to his attorney through the mail and in person, but he asserts that written communication is an inadequate substitute for verbal communication and that his appointed attorney resides five hours away in Chicago, making face to face conversations difficult and impracticable. Finally, Plaintiff asserts that the same individuals he is suing for infringing on his constitutional right to counsel are the same individuals who have the discretion to permit Plaintiff to communicate by telephone without the conversation being monitored.

Defendants object to the request and argue that (1) the jail's practice of taping Plaintiff's telephone calls does not substantially affect his right to confer with his attorney, (2) the Jail is not planning to use the taped conversations, (3) Defendants should not have to make a special accommodation because Plaintiff's counsel finds it unwieldy to travel five hours from Chicago to speak in confidence with his client, and (4) such monitoring is done to ensure that the designated parties are contacted and "for purposes of jail security." (Doc. 106 at 4).

## II. ANALYSIS

"[A]n inmates right of unfettered access to the courts is as fundamental a right as any other he may hold." Adams v. Carlson, 488 F.2d 619, 630 (7th Cir. 1973) (citing Ex parte Hull,

312 U.S. 546 (1941)). And there is "widespread agreement that communications by post between an inmate and his attorney are sacrosanct, subject only to tests on incoming mail for the presence of contraband which fall short of opening it when the inmate is not present. Oral intercourse has been hedged with similar protection."Id. at 631 (citations omitted). Inmates must, therefore, have a reasonable opportunity to seek and receive the assistance of counsel and where a regulation or practice unjustifiably interferes with this right it is invalid." Procunier v. Martinez 416 U.S. 396, 419 (1974). Private communication with an attorney is a meaningful part of that access, Dreher v. Sielaff, 636 F.2d 1141, 1143 (7th Cir. 1980), and the privacy accorded to the attorney-client relationship must exist even in the prison context. Adams, 488 at 631. Further, that privacy is lost in the presence of a third party. United States v. Evans, 113 F.3d 1457, 1462 (7th Cir. 1997).

The Illinois Administrative Code distinguishes attorney client calls from all others and allows them to be unmonitored if prior arrangements are made for the placement or receipt of such calls in order to verify the party contacted. Ill. Admin. Code. §§ 525.150(d), 701.190(d). The parties dispute whether the Jail is bound by Ill. Admin. Code. § 701.190(d) (relating to county jail standards) or whether § 525.150(h) (relating to Department of Corrections operations) was incorporated by reference in the Jail's Inmate Rules.[2] The Court need not determine which section of the code is applicable here because both code sections allow for special arrangements to be made for unmonitored telephone calls to or from attorneys.[3]

---

2 Plaintiff provides evidence that the Jail's Inmate Regulations state "The Madison County Jail is operated under the guidelines of the State of Illinois Department of Corrections, located at 1301 Concordia Court, Springfield, Illinois 62702. If you believe your rights in this jail are being violated, you are encouraged to communicate directly with the Department of Corrections." (Exhibit "A"; Doc. 112-2 at 3).
3These code sections state: "Telephone calls may be monitored unless prior special arrangements have been made to make or receive confidential telephone calls to or from the

3

While a jail may limit inmate access to attorneys, unjustified obstruction of the right to representation is impermissible. Procunier, 416 U.S. at 419. A regulation which compromises an inmate's constitutional rights must, therefore, be "reasonably related to a legitimate penological interest" in order to be valid. Turner v. Safley, 482 U.S. 78, 89 (1987). Concerns regarding internal security often justify the monitoring of inmate communications, Martin v. Tyson, 845 F.2d 1451, 1458 (7th Cir. 1988), and deference is owed to jail administrator's decisions regarding a jail's operation, but more than bare assertions of security concerns is required to justify otherwise impermissible restrictions on inmate communications with their attorney. Campbell v. Miller, 787 F.2d 217, 227 (7th Cir. 1986). It is the defendant's burden to demonstrate the adequacy of the inmate's access to legal counsel and justify restrictions placed on that access. Id. ("Officials . . . have an affirmative duty to provide constitutionally adequate access . . . and bear the burden of demonstrating the adequacy of the means they choose.").

In this case, Defendants have only the barest assertion a of security concern. Defendants state merely that the Jail monitors pretrial detainees phone calls "for purposes of jail security," and, "Security is a critical concern at Madison County Jail, as at all jails, and Madison County monitors the phone calls to ensure that the designated parties are contacted and to ensure jail security." (Doc. 106 at 4). This explanation is simply inadequate to justify the severe restrictions placed on Plaintiff's contact with his attorney. Id. at 227 ("Although it is the business of correctional officials to maintain order within their institutions, they may not restrict the scope of

---

detainee's attorney," Ill. Admin. Code Tit. 20 § 701.190(d) (county jail standards); "All offenders' telephone calls shall be subject to monitoring and recording at any time by departmental staff, unless prior special arrangements have been made to make or to receive confidential telephone calls to or from their attorneys," Ill. Admin. Code. Tit. 20 § 525.150(h) (Department of Corrections standards).

an inmate's constitutional rights by making automatic and routine assertions of 'discipline and security' in the support of restrictive policies."). If Defendants are concerned about ensuring that Plaintiff is actually speaking with his attorney, there are certainly less drastic means of satisfying this interest that do not require recording or listening in on Plaintiff's conversations with his attorney.[4] Defendants' argument further breaks down when one considers the fact that the jail permits attorneys to meet face-to-face with a detainee in private. If there is a security concern over what Plaintiff may be telling his attorney over the phone, why is not that same security concern present during face-to-face meetings? The Court is left without an explanation.

Defendant's other legally unsupported arguments in its brief can be disposed of in short order. First, Defendant's argument that the jail's practice of taping Plaintiff's telephone calls does not substantially affect his right to confer with his attorney because the jail is not "planning on using the taped conversations in any fashion" defies credulity. This argument amounts nothing more than stating Plaintiff should "just trust us" even though the Illinois Court of Appeals has already held that Defendant's Sixth Amendment right to counsel was violated when Defendants obtained incriminating evidence by using Plaintiff's cellmate as a state agent. See People v. Brown, 831 N.E.2d 1113, 1119-20 (Ill. App. 2005). If anything, Defendants' claim that these tapes will not be used in any fashion and that the Jail "does not listen to detainees telephone conversations" undercuts their necessity (Doc. 106-2 at ¶ 6). If Defendants do not even listen to the conversations then what is the point of taping the calls and playing a recording warning of the call monitoring other than, perhaps, to intimidate detainees from speaking freely

---

4 Such concerns could easily be satisfied by having the Jail place the call to the attorney or by mailing an identification code to the attorney's published business address for him to use to confirm his identity when placing a call to Plaintiff.

5

over the phone whether to their attorney or anyone else? If there is another reason, Defendants have failed demonstrate that reason to the Court.

Defendants final argument that they should not have to make a special accommodation because Plaintiff's counsel finds it unwieldy to travel five hours from Chicago to speak in confidence with his client must also be dismissed. Defendants seek to turn the standard on its head. It is the defendant's burden to demonstrate the adequacy of the inmate's access to legal counsel and justify restrictions placed on that access. Campbell, 787 F.2d at 227. Here, the distance that separates Plaintiff and his court-appointed counsel necessarily means that communication between the two will be severely restricted if counsel must travel such a distance each and every time verbal communication is necessary or desired. Further, a good argument can be made that it would take more jail resources and time–and thus a greater accommodation–to allow face-to-face contact rather than a phone call to be placed as security concerns would likely be greater where physical presence is involved. In contrast, limited and unmonitored telephone calls allow detainees and their attorneys to engage in reasonably fluid communication without the time and cost of security searches by the jail. While Plaintiff may be able to communicate through the mail in a secure manner, written communication is an inadequate substitute for verbal communication when teasing out subtle facts, explaining the law, or developing a litigation strategy.

Plaintiff's request is a reasonable one. Plaintiff requests a single, unmonitored, thirty minute phone call with his attorney each week with leave for additional calling privileges after the stay of his case is lifted. The Court finds that Defendants have failed to demonstrate the adequacy of the inmate's access to legal counsel and justify the restrictions placed on that access. Accordingly, the Court **GRANTS** Plaintiff's motion and **ORDERS** that Defendants

permit Plaintiff to speak with his attorney by phone at least once per week for at least thirty minutes without recording or monitoring the phone call.

## CONCLUSION

It is **ORDERED**, for the aforementioned reasons, that Plaintiff's "Application For Confidential Unmonitored Attorney-Client Communications" (Doc 105) be **GRANTED**. Defendants **SHALL** permit Plaintiff to speak with his attorney by phone at least once per week for at least thirty minutes without recording or monitoring the phone call. Defendants may adopt reasonable procedures for identifying counsel's identity at the time the call is placed (or received) but shall cease monitoring the phone call once Plaintiff and his attorney are permitted to converse. The Court anticipates that once the stay is lifted in this case, greater access may be appropriate and specific and reasonable arrangements regarding time, place, and manner should be worked out between the parties accordingly.

**DATED: June 27, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**